UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINALD PETITE,

                    Plaintiff,
                                                Case Number 11-13568
v.                                              Honorable David M. Lawson

PAUL STABLEIN,

                    Defendant.
_____/

**<u>ORDER OF DISMISSAL</u>**

The plaintiff, Reginald Petite, presently confined at the Pugsley Correctional Facility in

Kingsley, Michigan, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against his

court-appointed attorney on appeal, Paul Stablein, for failing to pursue the plaintiff's direct appeal

in a state criminal prosecution against Petite.  It is well established, however, that a court-appointed

attorney is not a state actor, and therefore the plaintiff cannot establish at least one element of a

claim under section 1983.  Therefore, the Court will dismiss the complaint for failing to state a claim

upon which relief can be granted.

I.

According to the complaint, on August 7, 2009, attorney Stablein was appointed to represent

the plaintiff to appeal a criminal conviction entered by the Wayne County, Michigan circuit court

for first-degree home invasion.  The plaintiff alleges that the defendant visited him in prison on

October 20, 2009.  During this visit, the plaintiff informed Stablein that the court transcripts from

his criminal case were inaccurate and asked him to obtain the video or audio recording of his guilty

plea hearing.  The plaintiff also asked Stablein to obtain the lower court record from the Wayne

County court.  The plaintiff contends that he never heard from Stablein again, and that to date,

Stablein has not filed an appeal on his behalf in the Michigan Court of Appeals. The plaintiff sent a complaint to the Michigan Appellate Defender Commission concerning Stablein's failure to file an appeal on his behalf. On June 6, 2011, the State Appellate Defender Office, on behalf of the Appellate Defender Commission, forwarded the letter to the Michigan Appellate Assigned Counsel System (MAACS). On June 27, 2011, Thomas M. Harp, the director of MAACS, sent a letter to Judge Timothy M. Kenny of the Wayne County circuit court stating that MAACS had investigated the plaintiff's allegations and had determined that Stablein had failed to file any pleadings on the plaintiff's behalf with either the circuit court or the Michigan Court of Appeals before the applicable deadline expired. Although recognizing that substitute counsel could only be appointed at that time to assist the plaintiff with the preparation of a post-conviction motion due to the expiration of the time for filing an appeal, and would thus be discretionary, Mr. Harp informed Judge Kenny that the plaintiff "received very little benefit from his timely request for, and the appointment of, counsel on appeal."

The plaintiff now seeks monetary damages in the amount of $500,000 against the defendant. The plaintiff also asks this Court to appoint a new attorney to assist him with an appeal in the state courts.

## II.

The plaintiff has been allowed to proceed without prepayment of fees. *See* 28 § U.S.C. 1915(a). When the Court allows a party to proceed *in forma pauperis*, it has a duty to "dismiss the case at any time if [it] determines that the action . . . is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law

or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). A complaint fails to state a claim if it does not plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed.

A *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 81, 94 (2007), and is held to "less stringent standards" than a complaint drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, "[t]he leniency granted to *pro se* [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and such complaints still must plead facts sufficient to show a redressable legal wrong has been committed. Fed. R. Civ. P. 12(b); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

Court appointed attorneys or public defenders performing a lawyer's traditional functions as counsel to a criminal defendant do not "act under color of state law" and are therefore not subject to suit under 42 U.S.C. § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 317-18 (1981). "[E]ven though the defective performance of defense counsel may cause the trial process to deprive an accused

-3-

person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983." *Briscoe v. LaHue*, 460 U.S. 325, 329 n.6 (1983); *see also Elrod v. Michigan Supreme Court*, 104 F. App'x 506, 508 (6th Cir. 2004) (criminal defense attorney was not state actor subject to liability under § 1983 where there was no showing that attorney acted in concert with state officials to deprive client of his rights); *Bomer v. Muechenheim*, 75 F. App'x 998, 999 (6th Cir. 2003) (criminal defendant's appellate attorney was not state actor, and thus was not subject to suit under § 1983). The plaintiff's suit against his court-appointed appellate attorney, therefore, must be dismissed because it fails to state a claim against a state actor for which relief can be granted under 42 U.S.C. § 1983.

Nor can this Court grant the plaintiff's request to appoint new counsel to assist him with an appeal in state court. Section 1915 of Title 28 authorizes the Court to appoint counsel only in actions in federal court. The plaintiff's criminal conviction occurred in state court, and his direct appeal must be lodged in the Michigan Court of Appeals. This Court has no authority "to direct state courts or their judicial officers in the performance of their duties." *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970).

III.

The Court finds that the plaintiff's complaint fails to state a claim upon which relief can be granted. Therefore, the Court must dismiss the complaint under 28 U.S.C. § 1915(e)(2)(B). The Court also finds that any appeal would be frivolous and not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

-4-

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.


s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  August 24, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 24, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL